IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAMARA LEACH,<br><br>Plaintiff,<br><br>v.<br><br>ONE SOURCE TECHNOLOGY, LLC D/B/A ASURINT,<br><br>Defendant, | Civil Action No:_____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES Plaintiff TAMARA LEACH ("Plaintiff"), by and through her attorneys, FCRA ATTORNEYS, and files this *Complaint* against Defendant ONE SOURCE TECHNOLOGY, LLC D/B/A ASURINT ("Asurint"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action under 15 U.S.C. § 1681 *et seq.,* the Fair Credit Reporting Act ("FCRA") for actual and statutory damages, punitive damages, costs, and reasonable attorneys' fees against Defendant.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this action and all counts under 28 U.S.C. § 1331, 1334, and 15 U.S.C. § 1681(p).

3. Venue in this district is proper under 28 U.S.C. § 1391b(1), 28 U.S.C. § 1391b(2), and 28 U.S.C. § 1391b(3) because the Plaintiff resides here and the Defendant regularly conducts business

in this district.

## PARTIES AND SERVICE

**Plaintiff Tamara Leach**

4. Plaintiff is a resident of Henry County, Georgia.

5. At all times material hereto, Plaintiff is a "Consumer," as defined under the FCRA 15 U.S.C. § 1681a(c).

**Defendant One Source Technology, LLC D/B/A Asurint**

6. Defendant Asurint is a "Consumer Reporting Agency" as defined by the FCRA, 15 U.S.C. § 1681a(f), Defendant Asurint conducts substantial and regular business activities in this district. Defendant Asurint may be served with process upon CORPORATION SERVICE COMPANY, its registered agent for service of process, at 1160 Dublin Road, Suite 400, Columbus, Ohio 43215.

7. At all times material hereto, Defendant Asurint is a Consumer Reporting Agency that regularly engages in interstate commerce by and through the business of assembling, evaluating, and disbursing information concerning consumers to furnish consumer reports to third parties as said term is defined under the FCRA 15 U.S.C. § 1681d.

8. Among other things, Defendant Asurint sells consumer background checks to property managers of dwellings and apartments for the use of deciding whether to offer tenancy to prospective tenants or to take adverse action, such as rejection of consumer applications for housing. These reports are provided in connection with a business transaction initiated by the property manager.

## FACTUAL ALLEGATIONS

9. In December 2023, the Plaintiff was evicted from a previous residence in Georgia she had lived in.

10. For the past two years, this eviction record has caused the Plaintiff significant issues with obtaining housing, receiving other denials.

11. On April 28, 2025, a judge from the Magistrate Court of DeKalb County, Georgia, signed an order sealing the records of the 2023 eviction.

12. On April 29, 2025, the Plaintiff applied for housing through ResiHome (the "House").

13. The Plaintiff was offered tenancy at the House contingent on the Plaintiff passing a background check provided by Asurint.

14. On May 1, 2025, Asurint published its background check report on Plaintiff to the House (the "Report").

15. In its Report, Asurint falsely and erroneously published that the Plaintiff had an eviction on her background.

16. The eviction record that was furnished by Defendant Asurint was the same one that was sealed on April 28, 2025.

17. The eviction record furnished by Defendant Asurint should not be on the Plaintiff's background report, as she had the record sealed by the DeKalb County Magistrate Court.

18. On May 1, 2025, the House rescinded its offer of tenancy to the Plaintiff exclusively due to the false or erroneous publication of the eviction record on the Report.

19. Defendant Asurint falsely and erroneously furnished an inaccurate eviction record to the Plaintiff's Report.

20. On May 5, 2025, the Plaintiff submitted a dispute to Defendant Asurint, stating that the eviction has been sealed and should not be included in any reports.

21. On May 21, 2025, Asurint sent a cursory response to the Plaintiff stating that the investigation was complete and the eviction record had been removed from the Report.

22. As a result of the inaccurate information relating to the eviction record on the Plaintiff's Report, Plaintiff was denied housing and will continue to be harmed and injured by Defendant Asurint's erroneous and inaccurate reporting.

23. Due to Defendant Asurint's negligent or willful failure to establish or follow reasonable procedures to ensure maximum possible accuracy, Plaintiff suffers from housing denials, exasperation of time to fix the erroneous Report published by Asurint, loss of time trying to remedy the report, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

24. Defendant Asurint willfully or negligently failed to comply with its obligations under the FCRA, 15 U.S.C. § 1681e(b).

## FIRST CAUSE OF ACTION
### Violation of the Fair Credit Reporting Act
### Negligent Violation of 15 U.S.C. § 1681e(b) as to Defendant Asurint

25. Plaintiff re-alleges and incorporates by reference all the allegations outlined in the preceding paragraphs as if fully stated at length herein.

26. This is an action for negligent violation of the FCRA, 15 U.S.C. § 1681 *et seq.*

27. Defendant has negligently failed to comply with the FCRA. The failures of the Defendant to comply with the FCRA include, but are not necessarily limited to, the following:

   a. The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

   b. The failure to note in the consumer report that Plaintiff disputed the accuracy of the information; and

      c.    The failure to take adequate steps to verify the information the Defendant had reason to believe was inaccurate before including it in the background check report of the consumer.

28.    As a result of Defendant's negligent violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of housing opportunities; loss of time and money trying to establish to the prospective landlord that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the criminal records and provide them to the prospective landlord; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

29.    Defendant violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inaction were negligent, rendering them liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the Court according to 15 U.S.C. § 1681o.

30.    Plaintiff is entitled to recover statutory damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court according to 15 U.S.C. § 1681o.

## SECOND CAUSE OF ACTION
### Violation of the Fair Credit Reporting Act
### Willful Violation of 15 U.S.C. § 1681e(b) as to Defendant Asurint

31.    Plaintiff re-alleges and incorporates by reference all the allegations outlined in the preceding paragraphs as if fully stated at length herein.

32.    The is an action for willful violation of the FCRA, 15 U.S.C. § 1681 *et seq.*

33.    Defendant has willfully failed to comply with the FCRA. The failures of the Defendant to comply with the FCRA include, but are not necessarily limited to, the following:

    a. The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

    b. The failure to note in the consumer report that Plaintiff disputed the accuracy of the information; and

    c. The failure to take adequate steps to verify the information the Defendant had reason to believe was inaccurate before including it in the background check report of the consumer.

34. As a result of Defendant's willful violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of housing opportunities; loss of time and money trying to establish to the prospective landlord that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the criminal records and provide them to the prospective landlord; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

35. Defendant violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inaction were willful, rendering them liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the Court according to 15 U.S.C. § 1681n.

36. Plaintiff is entitled to recover statutory damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court according to 15 U.S.C. § 1681n.

## **DEMAND FOR TRIAL BY JURY**

37. Plaintiff requests a trial by jury on all issues and counts so triable, according to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff seeks judgment against Defendant as follows:

1. Awarding Plaintiff actual damages provided and according to 15 U.S.C. § 1681o(a) from Defendant;

2. Awarding Plaintiff statutory damages according to 15 U.S.C. § 1681n(a) from Defendant;

3. Awarding Plaintiff punitive damages according to 15 U.S.C. § 1681n(a)(2) from Defendant;

4. Awarding Plaintiff attorneys' fees provided and according to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C.§ 1681o(a)(2); and

5. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**Dated:** July 18, 2025                                         Respectfully submitted,

                                              **FCRA ATTORNEYS**
/s/ *Shawn Jaffer*
**Shawn Jaffer**
GA Bar No 156625
14335 Cogburn Rd.
Alpharetta, GA 30004
Tel:    (214) 495-0000
Fax:    (469) 669-0786
Email: shawn@fcraattorneys.com
***Attorneys for Plaintiff***